**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Guadalupe Leon Alcazar, | No. CV-24-03342-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

Pending before the Court is a Report and Recommendation ("R&R"), (Doc. 33), regarding Petitioner Maria Guadalupe Leon Alcazar's Petition for Writ of Habeas Corpus ("Petition") filed under 28 U.S.C. § 2241, (Doc. 1, as supplemented at Doc. 8). Petitioner filed objections to the R&R. (Doc. 34). Respondents replied. (Doc. 35).

## I.   REVIEW OF R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the

portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Objections must be specific, not general. *Warling v. Ryan*, No. CV-12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (citing *Thomas*, 474 U.S. at 149) ("[T]he Court has no obligation to review Petitioner's general objections to the R&R"); *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. October 24, 2014) ("[W]hen a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it."). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Kenniston v. McDonald*, No. CV-15-2724-AJB-BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (internal citations omitted). "[S]imply repeating arguments made in the petition is not a proper objection." *Curtis v. Shinn*, No. CV-19-04374-PHX-DGC (JZB), 2021 WL 4596465, at *7 (D. Ariz. Oct. 6, 2021).

## II.   BACKGROUND

The R&R discusses the relevant factual and procedural background of this case. (Doc. 33 at 3–9). Neither party objects to such background. Nonetheless, for context, the Court will summarize it here.

Petitioner, a citizen of Mexico, "was first arrested by United States Border Patrol ('USBP') agents on March 14, 2005, the same day she entered the United States at or near San Ysidro, California, without being admitted or paroled by an Immigration Officer." (Doc. 33 at 3). She was arrested, granted a voluntary return to Mexico, and was observed departing to Mexico. (Doc. 33 at 3).

Eighteen years later, in 2024,[1] "Petitioner encountered USBP after entering the

---
[1] Petitioner's husband has a "U-visa" and is authorized to work in the United States. (Doc. 33 at 3). He applied to have Petitioner added as a "derivative" onto his U-visa. (Doc. 33 at

- 2 -

United States near Nogales, Arizona without being admitted or paroled by a USBP Officer." (Doc. 33 at 4). She again was arrested, granted a voluntary return to Mexico, and was observed departing to Mexico. (Doc. 33 at 4).

A few days later, Petitioner applied for entry to the United States and presented a Permanent Resident Card that belonged to another individual. (Doc. 33 at 4). As a result, Petitioner "was charged with one felony count of Fraud and Misuse of Visas, Permits and Other Documents in violation of 18 U.S.C. § 1546(a) and one misdemeanor count of Attempted Illegal Entry by Making a False or Misleading Representation in violation of 8 U.S.C. § 1325(a)(3)." (Doc. 33 at 4). She pleaded guilty to the misdemeanor count and spent 60 days in custody. (Doc. 33 at 4–5).

Upon completion of her sentence, in April 2024, Petitioner expressed a credible fear of returning to Mexico. (Doc. 33 at 5). She was ultimately transferred to the Eloy Detention Center in Eloy, Arizona, and "was referred to the Asylum Pre-Screening Officer for a credible fear interview." (Doc. 33 at 5). "On May 5, 2024, Petitioner was determined to not have established a credible fear of persecution or torture." (Doc. 33 at 5). An Immigration Judge ("IJ") affirmed on May 14, 2024. (Doc. 33 at 5). Petitioner then appealed the IJ's decision to the Ninth Circuit Court of Appeals. (Doc. 33 at 5). The Court of Appeals issued a stay of removal which remains in place until the Court of Appeals issues its mandate. After this case was filed, the Court of Appeals issued its memorandum decision dismissing Petitioner's appeal. *See Leon-Alcazar v. Bondi*, No. 24-3076 at Doc. 41. This Court ordered supplemental briefing regarding the impact of the memorandum decision. (*See* Docs. 38, 39).

Although Petitioner filed her original Petition in November 2024, the operative Petition is Doc. 8 (the Supplemental Petition, filed on January 16, 2025). (*See* Doc. 33 at 2 (explaining procedural history)). In the Supplemental Petition, Petitioner asserts four claims. (*See* Doc. 33 at 6–7 (summarizing each claim)). On June 5, 2025, the Magistrate Judge issued an R&R recommending that the Supplemental Petition be dismissed and

---

3). That application was pending as of February 21, 2025. (Doc. 33 at 3).

denied. (Doc. 33 at 3).

### III. OBJECTIONS

Under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV), "[a]ny alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Petitioner agrees that she was, at least originally, "subject to the procedures under [8 U.S.C. § 1225(b)]." Petitioner also agrees that there has been "a final determination of credible fear of persecution" and that Petitioner was "found not to have such a fear." "Petitioner challenges no part of those determinations." (Doc. 34 at 2). Accordingly, based on the plain language of the statute, Petitioner "shall be detained . . . until removed."

Petitioner argues that the plain language of the statute does not control because she has additional due process rights based solely on the subject matter of an appeal she filed.[2] Specifically, Petitioner argues that because § 1225(b) "only refers to the *persecution* portion of the credible fear process and makes no mention of the *torture* aspects that Petitioner [] challenge[s] before the Circuit Court," Petitioner is outside the purview of § 1225(b). (Doc. 39 at 2) (emphasis added). In arguing so, Petitioner attempts to draw a line of separation between § 1225(b) and the regulations governing the Convention Against Torture. (Doc. 34 at 4). Because Petitioner believes that § 1225(b) does not apply, Petitioner concludes that Respondents "lack authority to continue Petitioner's indefinite detention." (Doc. 28 at 3). Respondents wholly disagree. (*See* Doc. 35 at 1–2).

The Magistrate Judge thoroughly explained why this argument ultimately fails. (Doc. 33 at 17–26). This Court agrees with the Magistrate Judge's reasoning and accepts and adopts the R&R. Petitioner's objections that merely rehash her original and supplemental arguments from her Petition are overruled. Moreover, the Court notes that the Magistrate Judge's reasoning is bolstered by the Ninth Circuit Court of Appeals' recent

---

[2] The Court of Appeals recently released its memorandum decision in Petitioner's appeal. *See Leon-Alcazar v. Bondi*, No. 24-3076 at Doc. 41. "Petitioner acknowledges that, upon issuance of the Court of Appeals' final mandate, § 1231 will likely govern her detention." (Doc. 39 at 1). Thus, the question before this Court is what statute governs Petitioner's current, pre-mandate detention.

memorandum decision in Petitioner's appeal. The Ninth Circuit unequivocally states that it "lack[s] jurisdiction to review a Convention Against Torture [] determination made as part of an expedited removal proceeding," in part because it found unpersuasive Petitioner's distinction between regulations and statutes. (Doc. 36-1 at 2–3). Likewise, Petitioner cannot circumvent § 1225(b) in this case by attempting to make a similar distinction to the one already rejected by the Court of Appeals.

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Report & Recommendation, (Doc. 33), is accepted and adopted; the objections, (Doc. 34), are overruled. Petitioner's Supplemental Petition (Doc. 8) is denied and dismissed, and the Clerk of Court is directed to enter judgment accordingly.

Dated this 11th day of August, 2025.

James A. Teilborg
Senior United States District Judge